IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAG ALASKA, INC., <br><br>    Plaintiff, <br><br> vs. <br><br>KAYAK, official number 556866, together with her engines, machinery, components, anchors, cables, chains, rigging, pumps, gears, furnishings, appliances, fittings, spare and replacement parts and any and all other appurtenances thereto, appertaining or belonging to the vessel, etc. *in rem*; KAYAK, INC.; NORTHERN MARINE AND LOGISTICS, LLC; NORTHERN CONTRACTORS AND CONSULTING, LLC; JADY KING, *in personam*; and JACK KING, *in personam*, <br><br>    Defendants. | Case No. 3:22-cv-00250-JMK <br><br>**ORDER GRANTING DEFAULT JUDGMENT, ORDER OF SALE OF VESSEL KAYAK, AND CREDIT BID AUTHORITY** |

Before the Court is (1) Plaintiff's Motion for Order of Default Judgment *In Rem*, Order of Sale of Vessel KAYAK, and Credit Bid Authority at Docket 33 and (2) Plaintiff's Motion for Expedited Consideration at Docket 35.

## I. BACKGROUND

On November 11, 2022, Plaintiff filed a Complaint *In Rem* and *In Personam,* pursuant to 28 U.S.C. § 1333, and in accordance with Federal Rule of Civil Procedure 9(h) and Rule C of the Supplemental Rules for Admiralty or Maritime Claims.[1] In brief summary, Plaintiff alleged to have performed extensive renovations on the vessel KAYAK without payment from Defendants.[2] Plaintiff brought claims for (1) breach of contract and maritime lien foreclosure; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) unjust enrichment; (5) intentional misrepresentation/fraud; (6) negligent misrepresentation , and (7) piercing the corporate veil.[3] For relief, Plaintiffs requested (1) an *in rem* warrant of arrest for the vessel KAYAK; (2) a judgment *in rem* against the vessel KAYAK "for all amounts due on the debt, including without limitation, the $2,258,582.71 alleged, all storage charges, all late payment charges, and interest accrued at time of judgment"; (3) an order directing the U.S. Marshal to sell the vessel KAYAK and for sale proceeds to be held in Court's Registry to be first applied to Plaintiff's judgment; (4) Plaintiff be allowed to credit bid at the sale the amount of debt under the contract; (5) an *in personam* judgment against Defendants Kayak, Inc.; Northern Marine and Logistics, LLC; Northern Contractors and Consulting, LLC; Jady King; and Jack King, jointly and severally, "for all amounts due on the debt as alleged," including, "interest, late

---

[1] Dkt. 1.
[2] Dkt. 1 at 1–7.
[3] Dkt. 1 at 7–12.

*JAG ALASKA v. KAYAK, official number 556866, et al.*                      Case No. 3:22-cv-00250-JMK
Order Granting Default Judgment, Sale, & Credit Bid Authority               Page 2
Case 3:22-cv-00250-JMK-MMS    Document 38    Filed 07/06/23    Page 2 of 10

charges, costs of arrest and custody, reasonable attorney fees and other expenses allowed at law"; and (6) any other relief deemed just by the Court.[4]

Plaintiff proceeded with service upon Northern Contractors, LLC,[5] Jack King and Kayak, Inc.,[6] and Jady King and Kayak, Inc.[7] Pursuant to the Local Magistrate Rules, the Court referred the matter to Chief Magistrate Judge Scoble.[8] Upon Plaintiff's motions,[9] Judge Scoble issued a warrant *in rem* for the vessel KAYAK and appointed Jesse Collins as substitute custodian.[10] The U.S. Marshal Service executed the warrant and arrested the vessel KAYAK.[11]

On February 16, 2023, two Clerk's Text Notices of Deficiency issued. At Docket 19, the notice informed Plaintiff that proof of service as to Northern Marine Logistics, LLC, was outstanding. At Docket 20, the notice informed Plaintiff that an answer had not been filed, nor default taken as to the following Defendants: KAYAK, INC.; Northern Contractors, LLC; Jady King; and Jack King. The Clerk's Text Notices set a deadline for March 2, 2023, for a responsive action by Plaintiff. On March 8, 2023, Plaintiff filed affidavits of publication confirming the publication of the *in rem* arrest in the ANCHORAGE DAILY NEWS and the SEWARD JOURNAL.[12] That same day, the Court issued two text orders indicating that Plaintiff had missed the March 2, 2023, deadline and setting

---

[4] Dkt. 1 at 12–13.
[5] Dkt. 4.
[6] Dkt. 6.
[7] Dkt. 7.
[8] Dkt. 13 (text order).
[9] Dkts. 8 & 9.
[10] Dkts. 14 & 15.
[11] Dkts. 16, 17 & 18.
[12] Dkts. 21, 22 & 23.

*JAG ALASKA v. KAYAK, official number 556866, et al.*                      Case No. 3:22-cv-00250-JMK
Order Granting Default Judgment, Sale, & Credit Bid Authority                      Page 3
Case 3:22-cv-00250-JMK-MMS    Document 38    Filed 07/06/23    Page 3 of 10

a new deadline of March 15, 2023, to take action as to Northern Marine Logistics, LLC; Kayak, Inc.; Northern Contractors and Consulting, LLC; Jady King; and Jack King.[13] The next day, Plaintiff filed proof of service as to Northern Marine Logistics, LLC, and a Notice.[14] The Notice explained that the parties signed a settlement agreement in late January 2023 and the terms of that agreement were being executed, including the foreclosure of Plaintiff's maritime lien on the vessel KAYAK.[15] The Notice further stated "[a]ssuming all unfolds as agreed and expected, the *in personam* defendants will be dismissed with the possible exception of Kayak, Inc., to the extent any other action maybe [*sic*] needed to effectuate JAG's agreed foreclosure remedy against the KAYAK."[16] The Court accepted Plaintiff's Notice and instructed Plaintiff to "file another status report, closing papers, and/or its motion for entry of default on or before 4/14/2023."[17]

On March 24, 2023, Plaintiff filed a Motion for Entry of Default *In Rem*,[18] along with a Memorandum in Support,[19] and a Declaration from Plaintiff's counsel.[20] The Clerk of Court entered default against the vessel KAYAK on March 29, 2023.[21] On April 9, 2023, Plaintiff filed the present motion, seeking a default judgment in the amount of $2,258,582.71 against the *in rem* defendant KAYAK, O.N. 556866, an order of sale of

---

[13] Dkts. 24 & 25 (text orders).
[14] Dkts. 26 & 27.
[15] Dkt. 27 at 1.
[16] *Id.* at 2.
[17] Dkt. 28 (text order).
[18] Dkt. 29.
[19] Dkt. 30.
[20] Dkt. 31. The Declaration contains a Satisfaction of Preferred Mortgage recorded on July 7, 2021, and notarized on February 17, 2023. *Id.* at 4.
[21] Dkt. 32.

*JAG ALASKA v. KAYAK, official number 556866, et al.*              Case No. 3:22-cv-00250-JMK
Order Granting Default Judgment, Sale, & Credit Bid Authority              Page 4
Case 3:22-cv-00250-JMK-MMS    Document 38    Filed 07/06/23    Page 4 of 10

the vessel KAYAK, and credit bid authority (the "Motion").[22] The Motion asserts that "[a]ll notices required by law have been given"; no party with interest has filed a claim; and Plaintiff's counsel is unaware of any other party that intends to make a claim.[23] The Motion further asserts that a default judgment should issue, because "due to a settlement among all parties, the lien foreclosure and sale of the vessel is the last action needed in this matter."[24] The Motion "is based on the Verified Complaint and other files and records herein" in addition to a declaration at Docket 34 filed along with the Motion. In relevant part, the Declaration in Support of Motion for Order of Judgment *In Rem* by Default 28 U.S.C. § 1746 ("Declaration") states:

> 4. JAG executive vice-president Tim Jagielski verified the Complaint, averring that officers of the vessel owner Kayak, Inc., ordered the work JAG performed on the vessel, and that the total charge for JAG's work on the vessel came to $2,258,582.71. . . . The Verified Complaint's Prayer for Relief asked for an *in rem* judgment against the KAYAK, declaring JAG has a valid and subsisting maritime lien for the $2,258,582.71 owed. Additional expenses were also pled, but JAG will not be pursuing them, nor will it pursue recoverable expenses incurred in this action in seeking a default judgment.[25]
>
> 5. The Court's docket reflects that no claim, answer or other responsive pleading has been filed on behalf of the KAYAK, nor has any intervenor appeared, within the period provided by the Federal Rules of Civil Procedure and this district's Local Admiralty Rules. . . .
>
> 6. The parties have entered into a settlement agreement that contemplates the *in rem* judgment, foreclosure and sale,

---

[22] Dkt. 33 at 1.
[23] *Id.*
[24] *Id.* at 2.
[25] Dkt. 34 at 1.

*JAG ALASKA v. KAYAK, official number 556866, et al.*     Case No. 3:22-cv-00250-JMK
Order Granting Default Judgment, Sale, & Credit Bid Authority     Page 5
Case 3:22-cv-00250-JMK-MMS    Document 38    Filed 07/06/23    Page 5 of 10

which, if all terms are honored will result in dismissal of all claims after the vessel sale is confirmed.[26]

On June 5, 2023, Plaintiff filed a Motion for Expedited Consideration, along with a Memorandum, and Declaration.[27] Plaintiff asserts that expedited consideration is necessary because the vessel could deteriorate in custody and the Seward harbormaster has requested the removal of the vessel to free up dock space in Seward harbor.[28]

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. This rule first requires the Clerk of Court to enter default when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ."[29] Once the Clerk of Court enters default, a party seeking affirmative relief may apply to the Court to enter default judgment.[30] The Court has discretion when deciding a motion for entry of default judgment.[31] Generally, after entry of default, the well-pleaded factual allegations regarding liability are taken as true and the district court need not make "detailed findings of fact."[32] However, Plaintiff's damages must be shown by "competent evidence and other papers submitted with a default judgment."[33]

---

[26] *Id.* at 2.
[27] Dkts. 35, 36 & 37.
[28] *See* Dkts. 36 & 37.
[29] Fed. R. Civ. P 55(a).
[30] Fed. R. Civ. P. 55(b)(2).
[31] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).
[32] *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).
[33] *Mesa Underwriters Specialty Ins. Co. v. Paradise Skate, Inc.*, No. 15CV01253YGRJSC, 2016 WL 9075622, at *3 (N.D. Cal. Apr. 11, 2016) (citations omitted), *report and recommendation adopted as modified*, No. 15-CV-01253-YGR, 2016 WL 9180434 (N.D. Cal. May 2, 2016); *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

*JAG ALASKA v. KAYAK, official number 556866, et al.*     Case No. 3:22-cv-00250-JMK
Order Granting Default Judgment, Sale, & Credit Bid Authority     Page 6
Case 3:22-cv-00250-JMK-MMS    Document 38    Filed 07/06/23    Page 6 of 10

In *Eitel v. McCool*, the Ninth Circuit identified seven factors that courts should consider in exercising their discretion to award a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.[34] While the court is not obligated to enter a default judgment, "[i]n applying this discretionary standard, default judgments more often are granted than denied."[35]

### III. DISCUSSION

The Court accepts Plaintiff's repeated assertions that a settlement agreement exists in this matter between Plaintiff and the *in personam* Defendants.[36] Further, the Court accepts that as part of this agreement, the entry of a default judgment is anticipated by the absent parties and is necessary to execute the other terms of the settlement agreement.[37] Lastly, the Court finds sufficient evidence to establish the amount of damages as $2,258,582.71 due to the repeated representations of Plaintiff's counsel.[38] Accordingly, the Court, having considered the *Eitel* factors, finds default judgment to be appropriate

---

[34] 782 F.2d 1470, 1471–72 (9th Cir. 1986).
[35] *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).
[36] *See* Dkts. 27, 29, 31, 35, 36 & 37.
[37] Dkts. 27, 29, 31, 35, 36 & 37.
[38] Dkts. 27, 29, 31, 35, 36 & 37.

*JAG ALASKA v. KAYAK, official number 556866, et al.*      Case No. 3:22-cv-00250-JMK
Order Granting Default Judgment, Sale, & Credit Bid Authority      Page 7
Case 3:22-cv-00250-JMK-MMS    Document 38    Filed 07/06/23    Page 7 of 10

against the vessel KAYAK, official number 556866, together with her engines, machinery, components, etc.

## IV. CONCLUSION

The Court **GRANTS** the Motion for Expedited Consideration at Docket 35 and the Motion for Default Judgment at Docket 33.

**IT IS THEREFORE ORDERED:**

1. Plaintiff has a valid and subsisting necessaries lien upon the defendant vessel KAYAK, official number 556866, together with her engines, machinery, components, anchors, cables, chains, rigging, pumps, gears, furnishings, appliances, fittings, spare and replacement parts and any and all other appurtenances thereto, appertaining or belonging to the vessel, whether onboard or not onboard.

2. No claim of ownership has been made to, or statement of right or interest has been filed in respect of, the defendant vessel KAYAK and no one has appeared to defend the vessel KAYAK in this action. The vessel KAYAK is, therefore, in default.

3. The necessaries lien against the vessel KAYAK is foreclosed, and the lien is entitled to priority over all other liens that may exist against the defendant vessel KAYAK.

4. Proper notice was given to all recorded lien holders pursuant to 46 U.S.C. § 31325 and Local Admiralty Rule (c)-3, and therefore all persons who may have a claim of lien on the vessel KAYAK are in default.

5. Plaintiff shall recover from *in rem* defendant vessel KAYAK, official no. 556866, together with her engines, machinery, etc. the sum of $2,258,582.71.

*JAG ALASKA v. KAYAK, official number 556866, et al.*  Case No. 3:22-cv-00250-JMK
Order Granting Default Judgment, Sale, & Credit Bid Authority  Page 8
Case 3:22-cv-00250-JMK-MMS   Document 38   Filed 07/06/23   Page 8 of 10

6. The defendant vessel KAYAK, official no. 556866, together with her engines, machinery, etc. shall be condemned and sold by the U.S. Marshal for the District of Alaska. The Clerk of Court shall issue a writ of *venditioni exponas* to the Marshal for such public sale of the vessel KAYAK in accord with Local Admiralty Rule (e)-14 to the highest and best bidder, who shall be a citizen of the United States, qualified to document vessels under United States law as provided by 46 U.S.C. § 31329, for cash, the sale to be conducted at the Federal Courthouse located at 222 West 7th Avenue, Anchorage, Alaska, at the 7th Street entrance, on July 17, 2023 at 11:00 a.m.[39] Plaintiff shall publish notice of sale in the ANCHORAGE DAILY NEWS on at least 4 separate days, the last publication to be no fewer than 5 calendar days before the scheduled sale. Plaintiff may publish, at its option, additional notice of the sale in a manner and form of its choosing. The sale is subject to confirmation by the Court. The vessel's custodian shall, during reasonable business ours, allow prospective purchasers to board the vessel at their own risk for the purpose of inspecting it.

7. The highest and best bidder must immediately pay the Marshal, by cash, certified check, or cashier's check, the full purchase price if it is $1,000.00 or less, and if more, must pay the greater of $1,000.00 or at least ten percent (10%) of the bid within a reasonable time set by the Marshal. The balance will be paid in accord with Local Admiralty Rule (e)-14. If the sale is confirmed, the deposit will be applied to the purchase price. If the sale is not confirmed, the deposit will be returned to the bidder at once. If the

---

[39] Plaintiff shall confirm with the United States Marshal Service.

*JAG ALASKA v. KAYAK, official number 556866, et al.*  Case No. 3:22-cv-00250-JMK
Order Granting Default Judgment, Sale, & Credit Bid Authority  Page 9
Case 3:22-cv-00250-JMK-MMS   Document 38   Filed 07/06/23   Page 9 of 10

bidder fails to pay the balance due and because of its default a new sale is ordered, the deposit will be forfeited and applied to pay the costs of resale.

8. The U.S. Marshal's office in Anchorage is authorized to receive any written bid delivered to it by 4:00 p.m. close of business on the day preceding the scheduled sale date, if the bid is accompanied by a certified check or a cashier's check for at least ten percent (10%) of the bid. The written bid shall not be disclosed until commencement of the sale. If the bid is not accepted, the check shall be returned to the bidder at once.

9. Plaintiff is authorized to credit bid in any amount up to the amount of its judgment. If Plaintiff is the high bidder, it need not make any cash payment, other than the amount necessary to pay any previously unpaid United States Marshal's costs and fees.

10. The proceeds of sale shall be distributed first to reasonable Marshal's costs and all other reasonable costs allowed in this foreclosure action. Any remaining proceeds shall be paid to the registry of the Court to be disposed of according to further order of the Court. The Marshal shall submit a bill of his charges to the Court.

IT IS SO ORDERED this 6th day of July, 2023, at Anchorage, Alaska.

                                                  */s/ Joshua M. Kindred*
                                                  JOSHUA M. KINDRED
                                                  United States District Judge

*JAG ALASKA v. KAYAK, official number 556866, et al.*      Case No. 3:22-cv-00250-JMK
Order Granting Default Judgment, Sale, & Credit Bid Authority      Page 10

Case 3:22-cv-00250-JMK-MMS    Document 38    Filed 07/06/23    Page 10 of 10